HEAP v. TREMONT & SUFFOLK MILLS.

(Circuit Court, D. Massachusetts. June 22, 1896.)

No. 234.

PATENTS—LIMITATION BY PRIOR ART—CLOTH-NAPPING MACHINES.

The Grosselin patent, No. 377,151, for a machine for napping cloth, if valid at all, is limited by the prior state of the art to the specific methods used to produce the main result which is the function of the machine. Heap v. Greene, 75 Fed. 405, followed.

This was a suit in equity by Charles Heap against the Tremont & Suffolk Mills for alleged infringement of a patent for a machine for napping cloth. On final hearing.

Edwin H. Brown, for complainant.

William A. Macleod, for defendant.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of the first three claims of letters patent No. 377,151, issued January 31, 1888, to Henry Nicolas Grosselin, fils, for machine for napping cloth. The claims are as follows:

(1) In a gig mill, the combination, with a rotary drum consisting of heads, a shaft, and a series of card or teaseling rollers journaled upon said heads and provided with pulleys at their projecting ends, of a driving belt applied to each set of said pulleys, and devices, substantially as described, for driving said belts with varying speeds and in different directions as described, whereby the cards are rotated simultaneously each about its own axis and about the axis of the drum, substantially as described.

(2) In a gig mill, the combination, with a drum composed of heads, a shaft, and the working card or teaseling rollers D D, of a shaft I, cones H H′, belt X³, pinion f, gear d, pulleys F F′, belts X X′, and pulleys a a, substantially as described.

(3) In a gig mill, the combination, with a drum composed of teaseling cards or working rollers D D, heads, and a shaft, of pulleys a a at the projecting ends of said rollers and of greater diameter than the rollers, a driving belt in operative relation to each set of pulleys, and devices, substantially as described, for driving said belts with varying speeds and in different directions, substantially as described.

As in the case of Heap v. Greene (this day decided) 75 Fed. 405, I find a clear statement of the mechanical differences here in question impracticable without several illustrations 'which are not at my command for use in this place; and therefore, without deciding the question of the validity of the patent, I find that the claims here disputed are so limited by the English patent to William Davis (No. 4,820), of July 24, 1823, and the German patent to Moritz Jahr (No. 4,949), of September 1, 1878, as well as by the state of the art generally that the respondent cannot be held to infringe. The bill will be dismissed with costs.